JAMES ATTRIDGE (SBN124003)
LAW OFFICE OF JAMES ATTRIDGE
1390 Market Street, Suite 1204
San Francisco, CA 94102
Telephone: (415) 552-3088
Facsimile: (415) 522-0513

Attorneys for Defendant,
Tango Transport, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UPS SUPPLY CHAIN SOLUTIONS, INC. f/k/a EMERY AIR FREIGHT CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> TANGO TRANSPORT, INC., and DOES 1 through 10, inclusive, <br><br> Defendant(s). | § § § § § § § § § § § § § | CIVIL ACTION NO. <br><br> C 07 4389 <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION** |

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, TANGO TRANSPORT, INC. ("Tango" or "Defendant"), files this Notice of Removal of Civil Action in accordance with Fed.R.Civ.P. 81(c).

Introduction

1.  Plaintiff, UPS SUPPLY CHAIN SOLUTIONS, INC. f/k/a EMERY AIR FREIGHT CORPORATION ("Plaintiff"), filed suit in the Superior Court of the State of California for the County of San Francisco on July 27, 2007. Defendant was served with a Summons and Complaint on or about August 15, 2007. (Exhibits A and B). Defendant filed an answer in state Court on Auguust 24, 2007,( Exhibit C). Defendant timely filed this removal within the 30-day time period

NOTICE OF REMOVAL OF CIVIL ACTION – Page 1

set forth in 28 U.S.C. § 1446(b). The unnamed and unserved, fictitious defendants are not considered for purposes of removal. 28 U.S.C. § 1441(a).

### Nature of Plaintiff's Suit

2. Plaintiff's Complaint ("Complaint") alleges that Plaintiff is a California corporation. (Complaint, ¶ 1). Additionally, Plaintiff's principal place of business is located in California.

3. Defendant is a Texas corporation with its principal place of business in the State of Louisiana. Defendant does not have a principal place of business and is not incorporated in the State of California.

4. The fictitious defendants, "Does 1 through 10, inclusive" shall be disregarded for the purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

5. Plaintiff's Complaint seeks damages from Defendant based upon the allegation that on July 26, 2005, Defendant accepted multiple shipments of cargo for interstate transportation, and that Defendant failed to deliver the cargo in good order and condition to the consignees. (Complaint, ¶¶s 7, 8 and 12). Plaintiff's Complaint states that it suffered damages thereby in an amount "no less than $80,609.77, plus miscellaneous expenses, interest, and costs, ...". (Complaint, ¶ 9).

### Basis For Removal– Jurisdiction

6. Removal is proper, both at the time the action was commenced in state court and at the time of removal to this Court, since this suit is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Accordingly, this action could have been commenced in federal court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, and can therefore be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b).

NOTICE OF REMOVAL OF CIVIL ACTION – Page 2

7. Additionally, Plaintiff's cause of action, if any, is governed by the Carmack Amendment, 49 U.S.C. § 14706, which is paramount to and preemptive of all state and common law remedies. Removal jurisdiction exists in this Court if the district court would have had original jurisdiction over the suit. *See,* 28 U.S.C. § 1441(a). 28 U.S.C. 1337(a) provides:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however,* That the district courts shall only have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

8. In this matter, from the face of the Plaintiff's pleadings a *prima facie* claim under the Carmack Amendment can be made which, pursuant to 28 U.S.C. § 1445(b), provides the basis for removal. *See, Carraway v. Mayflower Transit, Inc.,* 36 F.Supp.2d 262, 264 (E.D.N.C. 1998). In that regard, 28 U.S.C. § 1445(b) states:

> A civil action in any State court against a carrier or its receivers or trustees to recover damages for delay, loss or injury of shipments arising under 11706 or 14706 of title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs.

9. In addition to the foregoing, since federal legislation by enactment of the Carmack Amendment is complete it entirely supplants state law claims, this matter is also removable to the Court based upon the doctrine of complete preemption. The Supreme Court has delineated the preemptive scope of the Carmack Amendment as it relates to the availability of state law remedies against interstate motor carriers of property:

> But it has been argued that the non-exclusive character of this regulation [the Carmack Amendment] is manifested by the proviso of the section, and that state legislation upon the same subject is not superseded, and that the holder of any such bill of lading may resort to any right of action against such a carrier conferred by existing state law. This

NOTICE OF REMOVAL OF CIVIL ACTION – Page 3

view is untenable. It would result in the nullification of the regulation of a national subject and operate to maintain the confusion of the diverse regulation which it was the purpose of Congress to put an end to.

*Adams Express Co. v. Croninger,* 226 U.S. 491 (1913).

10. Alternatively, this action is removable pursuant to the "substantial federal question" doctrine wherein, even though state law may create a plaintiff's cause of action, the case still may "arise under" the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties. *See, Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 813-815, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13-14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). As pointed out above, the allegations in the Plaintiff's Petition clearly implicate the application of the Carmack Amendment in the resolution of the Plaintiff's claims against the Defendants. Accordingly, removal is also appropriate under the "substantial federal question" doctrine. *See, Bear MGC Cutlery Co., Inc.,* 132 F.Supp.2d 937, 947 (N.D. Ala. 2001).

<u>Notice of Removal is Procedurally Correct</u>

11. Defendant's notice of removal is procedurally correct. All Defendants, excluding the unnamed fictitious defendants, have joined in or consented to the removal. In accordance with 28 U.S.C. § 1446(a) and the Local Rules of this Court, Defendant attaches to this notice all pleadings, process, orders, and all other filings in the state court.

12. Removal to this Court is proper under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending.

NOTICE OF REMOVAL OF CIVIL ACTION – Page 4

13.    Defendant is contemporaneously hereto filing a copy of this notice of removal with the clerk of the state court in which the action has been pending.

Respectfully submitted,

_____  AUG 24 2007
JAMES ATTRIDGE (SBN124003)
LAW OFFICE OF JAMES ATTRIDGE
1390 Market Street, Suite 1204
San Francisco, CA 94102
Telephone: (415) 552-3088
Facsimile: (415) 522-0513
LOCAL COUNSEL

- and -

ROBERTS, CUNNINGHAM &
STRIPLING, LLP
H. N. Cunningham, III
State Bar No. 0524690
800 Preston Commons West
8117 Preston Road
Dallas, Texas 75225
(214) 696-3200
(214) 696-5971  facsimile

ATTORNEYS FOR DEFENDANT
TANGO TRANSPORT, INC.

NOTICE OF REMOVAL OF CIVIL ACTION – Page 5

# EXHIBIT A

COPY

1  COUNTRYMAN & McDANIEL
   MICHAEL S. McDANIEL [State Bar No. 66774]
2  CHRISTOPH M. WAHNER [State Bar No. 240349]
   LAX Airport Center, Eleventh Floor
3  5933 West Century Boulevard
   Los Angeles, California 90045
4  Telephone:  (310) 342-6500
   Facsimile:  (310) 342-6505
5
   Attorneys for plaintiff
6  UPS SUPPLY CHAIN SOLUTIONS, INC.
   f/k/a EMERY AIR FREIGHT CORPORATION
7

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT
2007 JUL 27 PM 3:12
GORDON PARK-LI, CLERK
Deborah Steppe
CASE MANAGEMENT CONFERENCE SET
DEC 28 2007 -9:00 AM
DEPARTMENT 212

SUMMONS ISSUED

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    FOR THE COUNTY OF SAN FRANCISCO
10
11  UPS SUPPLY CHAIN SOLUTIONS,       )  CASE NO. CGC-07-465552
    INC. f/k/a EMERY AIR FREIGHT      )
12  CORPORATION,                      )  UNLIMITED JURISDICTION
                                      )
13             Plaintiff,             )
                                      )  COMPLAINT FOR DAMAGES FOR:
14       vs.                          )
                                      )  (1) Breach of Contract;
15  TANGO TRANSPORT, INC. and         )
    DOES 1 through 10, inclusive,     )  (2) Negligence;
16                                    )
               Defendant(s).          )  (3) Breach of Bailment.
17  _____ )

18       COMES NOW plaintiff UPS SUPPLY CHAIN SOLUTIONS, INC. f/k/a
19  EMERY AIR FREIGHT CORPORATION ("UPS-SCS") and alleges:

                        GENERAL ALLEGATIONS

21       1.   Plaintiff UPS-SCS is, and at all relevant times herein
22  was, a California corporation duly organized and existing under
23  law.
24
25       2.   UPS-SCS is informed and believes, and thereon alleges,
26  that defendant TANGO TRANSPORT, INC. ("TANGO") is, and at all
27  relevant times herein was, was an entity of unknown form doing
28  business in California.

                                - 1 -
                                                              COMPLAINT

3. UPS-SCS does not know the true names of the defendants sued herein as DOES 1 through 10, inclusive, each of which is responsible for the events and matters herein referenced, and each of which caused or contributed to the loss set forth in this complaint. Accordingly, UPS-SCS sues said defendants by such fictitious names. UPS-SCS will amend its complaint to show the true names of said defendants when UPS-SCS ascertains the same.

4. UPS-SCS is informed and believes, and thereon alleges, that at all times mentioned herein, the defendants, and each of them (collectively, "DEFENDANTS"), were and have been agents, servants, employers, and/or employees of each of the other defendants, and each of them, as such, were acting in the course and scope of their employment and/or agency at all times relevant to this action.

5. UPS-SCS is informed and believes, and thereon alleges, that at all times mentioned herein, TANGO was in the business of providing transportation services and/or logistics services to its customers, including, *inter alia*, UPS-SCS.

6. On or about 16 September 2002, UPS-SCS entered into a contractual forwarder/motor carrier agreement with TANGO (the "Agreement").

7. Further to the Agreement and the parties' ongoing business relationship, on or about 26 July 2005, DEFENDANTS accepted, in good order and condition, multiple shipments of cargo

tendered by UPS-SCS (the "Cargoes") for interstate motor transportation.

8. DEFENDANTS failed and neglected to transport, handle, monitor, and deliver the Cargoes and maintain their good order and condition as when received. To the contrary, the DEFENDANTS failed to deliver the Cargoes to the intended consignees in the same good order and condition in which the DEFENDANTS received the Cargoes.

9. By reason of the foregoing, UPS-SCS has suffered damages according to proof at trial, but no less than $80,609.77, plus miscellaneous expenses, interest, and costs, no part of which has been paid by the DEFENDANTS despite UPS-SCS's demand for the same.

## FIRST CAUSE OF ACTION
### Breach of Contract
### Against DEFENDANTS

10. TANGO hereby incorporates paragraphs 1 through 9 into this cause of action as if set forth in full herein.

11. As set forth herein, this action is not subject to the provisions of sections 1812.10 or 2984.4 of the Civil Code.

12. Further to the Agreement and the parties' ongoing business relationship, on or about 26 July 2005, the DEFENDANTS accepted, in good order and condition, the Cargoes for interstate motor transportation.

13. The DEFENDANTS materially breached and deviated from their agreements by failing to properly deliver the Cargoes, proximately resulting in a loss in an amount according to proof at trial, but no less than $80,609.77, plus miscellaneous expenses, interest, and costs, no part of which has been paid by the DEFENDANTS despite UPS-SCS's demand for the same.

14. UPS-SCS has performed all of its obligations under each of the contracts identified herein, except for those obligations that because of the breaches by the DEFENDANTS of their obligations, UPS-SCS has been excused or prevented from performing.

15. As a direct and consequential result of the breaches by the DEFENDANTS, UPS-SCS has been damaged in an amount according to proof at trial, but no less than $80,609.77, plus miscellaneous expenses, interest, and costs, no part of which has been paid by the DEFENDANTS despite UPS-SCS's demand for the same.

### SECOND CAUSE OF ACTION
### Negligence
### Against DEFENDANTS

16. UPS-SCS hereby incorporates paragraphs 1 through 15 into this cause of action as if fully set forth herein.

17. The loss of the Cargoes was directly and proximately caused by the negligence of the DEFENDANTS in handling the Cargo while the same were in their care, custody, and/or control.

18. As a direct and proximate result of the negligence of the DEFENDANTS, UPS-SCS has been damaged in an amount according to proof at trial, but no less than $80,609.77, plus miscellaneous expenses, interest, and costs, no part of which has been paid by the DEFENDANTS despite UPS-SCS's demand for the same.

### THIRD CAUSE OF ACTION
### Breach of Bailment
### Against DEFENDANTS

19. UPS-SCS hereby incorporates paragraphs 1 through 18 into this cause of action as if fully set forth herein.

20. The loss of the Cargoes was directly and proximately caused by the acts and/or omissions of the DEFENDANTS, in violation of their statutory and/or common law duties and obligations as bailees to safely care for the Cargoes while the same were in their care, custody, and/or control.

21. As a direct and proximate result of the negligence of the DEFENDANTS' acts and omissions, UPS-SCS has been damaged in an amount according to proof at trial, but no less than $80,609.77, plus miscellaneous expenses, interest, and costs, no part of which has been paid by the DEFENDANTS despite UPS-SCS's demand for the same.

///
///
///

WHEREFORE, UPS-SCS prays for judgment against the DEFENDANTS as follows:

1. On all causes of action, judgment in an amount according to proof at trial, but no less than $80,609.77;

2. On all causes of action, attorneys' fees in an amount to be proven at the time of trial;

3. On all causes of action, costs of suit and other collection charges in an amount to be proven at the time of trial;

4. On all causes of action, prejudgment interest in an amount to be proven at the time of trial; and

5. For such other and further relief as the Court may deem just and proper.

Dated: July 26, 2007

COUNTRYMAN & McDANIEL
MICHAEL S. McDANIEL
CHRISTOPH M. WAHNER

By: _____
CHRISTOPH M. WAHNER
Attorneys for plaintiff
UPS SUPPLY CHAIN SOLUTIONS, INC.
f/k/a EMERY AIR FREIGHT CORPORATION

- 6 -

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TANGO TRANSPORT, INC. and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
UPS SUPPLY CHAIN SOLUTIONS, INC. f/k/a EMERY AIR FREIGHT CORPORATION

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

COPY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, California 94102

CASE NUMBER: CGC-07-465552

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
COUNTRYMAN & McDANIEL, Michael S. McDaniel, Christoph M. Wahner, LAX Airport Center, Eleventh Flr., 5933 W. Century Blvd., Los Angeles, CA 90045; Tel: 310-342-6500; Fax: 310-342-6505.

DATE: JUL 27 2007      Gordon Park-Li     Clerk, by Deborah Steppe, Deputy
*(Fecha)*                                  *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT C

PLD-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| James Attridge SBN 124003<br>1390 Market Street, Suite 1204<br>San Francisco, California 94102 | 415-552-3088 | ENDORSED<br>FILED<br>San Francisco County Superior Court<br>AUG 24 2007<br>GORDON PARK-LI, Clerk<br>BY: BERNADETTE THOMPSON<br>Deputy Clerk |
| ATTORNEY FOR (Name): Tango Transport, Inc. | | |

NAME OF COURT: San Francisco Superior Court
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME:

PLAINTIFF: UPS Supply Chain Solutions, Inc. f/k/a Emery Air Freigh

DEFENDANT: Tango Transport, Inc.

**GENERAL DENIAL**

CASE NUMBER: CGC-07-465552

---

You MUST use this form for your general denial if the amount asked for in the complaint or the value of the property involved is $1000 or less.

You MAY use this form if:
1. The complaint is not verified, OR
2. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts, EXCEPT

You MAY NOT use this form if the complaint is verified and involves a claim for more than $1000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 90-100, 431.30, and 431.40).

---

1. DEFENDANT (name): TangoTransport, Inc.
   generally denies each and every allegation of plaintiff's complaint.

2. [✓] DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint (attach additional pages if necessary):

   1. Plaintiff has failed to state a cause of action for which relief can be granted;
   2. All remedies and causes of action pleaded are preempted by applicable federal statutory and common law;
   3. Terms of the contract sued upon are void under California law and unenforceable due to illegality;
   4. Plaintiff has failed to satisfy a condition precedent to suit by failing to arrange for mediation;
   5. The loss alleged was proximately caused by a force majeure;
   6. Plaintiff has failed to satisfy a condition precedent to suit by failing to timely file a claim in proper form and /or to file suit in a timely manner;
   7. Plaintiff has failed to mitigate its damages;
   8. Plaintiffs recovery is limited by law to a sum below that pleaded;
   9. Any loss sustained is attributable to a vice inherent to the product transported.

Date: August 24, 2007

James Attridge
(TYPE OR PRINT NAME)                                    ▶  (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. (See the other side for a proof of service.)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
PLD-050 [Rev. January 1, 2007]

GENERAL DENIAL

Code Civ. Procedure, §§ 431.30, 431.40
www.courtinfo.ca.gov

PLD-050

| PLAINTIFF (name): UPS Supply Chain Solutions, Inc. f/k/a Emery Air Frei | CASE NUMBER: CGC-07-465552 |
|---|---|
| DEFENDANT (name): Tango Transport, Inc. | |

## PROOF OF SERVICE
☐ Personal Service   ☑ Mail

> A General Denial may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Service is made in one of the following ways:
>   (1) Personally delivering a copy to the attorney for the other party or, if no attorney, to the other party.
>       OR
>   (2) Mailing a copy, postage prepaid, to the last known address of the attorney for the other party or, if no attorney, to the other party.
> Be sure whoever serves the General Denial fills out and signs a proof of service. File the proof of service with the court as soon as the General Denial is served.

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. I served a copy of the General Denial as follows (check either a or b):

   a. ☐ **Personal service.** I personally delivered the General Denial as follows:
      (1) Name of person served:
      (2) Address where served:

      (3) Date served:
      (4) Time served:

   b. ☐ **Mail.** I deposited the General Denial in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed and mailed as follows:
      (1) Name of person served: Christoph Wahner
      (2) Address:
         LAX Airport Center, 11th Floor, 5933 West Century Boulevard
         Los Angeles, California, 90045
      (3) Date of mailing: August 24, 2007
      (4) Place of mailing (city and state): San Francisco, CA 94102
      (5) I am a resident of or employed in the county where the General Denial was mailed.

   c. My residence or business address is (specify):
      1390 Market Street, Suite 1204
      San Francisco, CA 94102

   d. My phone number is (specify): 415-552-3088

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 24, 2007

James Attridge
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE GENERAL DENIAL)

▶ _(signature)_
(SIGNATURE OF PERSON WHO SERVED THE GENERAL DENIAL)