**COUNTRYMAN & McDANIEL**
MICHAEL S. McDANIEL [State Bar No. 66774]
Cargolaw@aol.com
BRUCE A. LINDSAY   [State Bar No. 102794]
Bal@cargolaw.com
LAX Airport Center, Eleventh Floor
5933 West Century Boulevard
Los Angeles, California 90045
Telephone:  (310) 342-6500
Facsimile:  (310) 342-6505

Attorneys for defendant UPS SUPPLY CHAIN SOLUTIONS, INC.
f/k/a Emery Air Freight Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPS SUPPLY CHAIN SOLUTIONS, INC. f/k/a EMERY AIR FREIGHT CORPORATION,<br><br>             Plaintiff,<br><br>     vs.<br><br>TANGO TRANSPORT, INC.,<br><br>             Defendants. | **CASE NO.   C 07-04389 WHA**<br><br>**JOINT REPORT OF PARTIES' RULE 26 PLANNING MEETING**<br><br>[Fed. R. Civ. P. 26(f)<br>Civil L. R. 16-9]<br><br>CASE MANAGEMENT CONFERENCE<br>DATE: November 29, 2007<br>TIME: 11:00 a.m.<br>Courtroom: 9 |

Under Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and this Court's Standing Order, plaintiff UPS Supply Chain Solutions, Inc. f/k/a Emery Air Freight Corporation ("UPS-SCS") and Tango Transport, Inc., ("Tango") respectfully submit the following joint scheduling conference report:

**A.    RULE 26(f) DISCOVERY PLAN**

   (1)   **Automatic Disclosures**

The parties agreed that there should be no changes in the timing, form, or requirement of the initial disclosures, and each party shall makes its initial disclosures within fourteen days of the meet and confer conference, i.e., on or before November 7,

- 1 -

2007.

### (2) Discovery Scope and Schedule

UPS-SCS shall seek discovery, *inter alia*, as to the facts and circumstances of the underlying transportation loss, the relationship of the parties and their course of dealing, defendant's defenses and contentions regarding the relationship of the parties, limitations of liability, and of plaintiff's damages.

Tango shall seek discovery, *inter alia*, on the privity of UPS-SCS to Tango under the subject Forwarder/Motor Carrier Agreement, the concept of applicability of fire as a *force majeure* under the applicable law, the cause of the alleged loss, and the alleged damages, including any limitations of liability between UPS-SCS and its customers.

### (3) Discovery Limits

The parties have agreed that discovery will not be conducted in phases or limited to or focused upon particular issues. The parties have further agreed that no changes are necessary on the discovery limitations set forth under the federal and local rules.

### (4) Other Orders

At this time, the parties seek no other orders from the Court under Rule 26(c) or under Rules 16(b) and (c).

### (5) Proposed Discovery Plan

The parties propose the following be the order of the Court in reference to discovery, assuming a trial date of August 25, 2008:

| | |
|---|---|
| Written discovery cut-off: | March 31, 2008 |
| Non-expert witness depo cut-off: | May 30, 2008 |
| Expert deposition cut-off: | July 31, 2008 |
| Non-expert discovery cut-off: | July 15, 2008 |

- 2 -

|   |   |   |
|---|---|---|
| (6) **Motion Schedule** (assuming a trial date of August 25, 2008) | | |
| Dispositive Motion cut-off | | July 15, 2008 |
| Discovery Motion cut-off | | July 15, 2008 |
| ADR cut-off | | June 30, 2008 |

(7)  **Expert Disclosure**

Per Federal Code of Civil Procedure, assuming trial date of August 25, 2008:

|   |   |
|---|---|
| Concurrent Expert Disclosure | May 27, 2008 |
| Concurrent Rebuttal Disclosure | June 26, 2008 |

(8)  **Trial Estimate**

Three (3) days non-jury trial

(9)  **Trial and Pre-trial dates**

|   |   |
|---|---|
| Trial date requested | August 25, 2008 |
| Pre-trial date requested | Per court order |

**B.  STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

(1)  **Jurisdiction and Service:**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. section 1332, since this suit is between citizens of different states, as UPS-SCS and Tango are corporations incorporated in different states, without principal places of business in the same state, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Additionally, the cause of action of UPS-SCS is governed by the Carmack Amendment, 49 U.S.C. section 1441(a), which is preemptive of all state and common law remedies.

Service of suit has been effected. No known persons or entities are presently indispensable or necessary parties requiring

service of process.  Discovery may reveal the need to substitute a presently unidentified person or entity for a fictitiously named defendant.

   (2)  **Facts:**

UPS-SCS brings this claim for breach of contract, negligence and breach of bailment against Tango for damage and loss to the cargo of customers of UPS-SCS which occurred on July 28, 2005, when a truck being operated by an employee of Tango crashed and caught fire near Phoenix, Arizona.

UPS-SCS alleges that Tango was carrying the cargo under a Forwarder/Motor Carrier Agreement ("the Agreement"), initially entered into between Tango and Emery Air Freight Corporation ("Emery") on September 26, 2002, and amended on July 14, 2004 when Emery changed its corporate name to Menlo Worldwide Forwarding, Inc ("Menlo").

UPS-SCS alleges that thereafter it became the successor of Emery and Menlo, through purchase by UPS-SCS.

The Agreement provides that Tango as the "Carrier" will carry liability insurance coverage and indemnify Emery up to one million dollars ($1,000,000.00) for any amount paid by Emery to its customer as compensation for loss or damage to property occurring while moving under the Agreement.  The Agreement also provides that it applies to and binds the successors of the parties and may be assigned at any time by a party to any parent company.

Following the loss, UPS-SCS provided timely notice of loss and intent to present a claim to Tango.  Tango paid claims of customers of UPS-SCS in the approximate sum of $98,000.00 and asserted that its limitation of liability was in an amount of $100,000.00 for any

- 4 -

one loss event.

UPS-SCS asserted that the Agreement bound Tango to pay the claims of the customers of UPS-SCS up to one million dollars or to indemnify UPS-SCS up to that amount in the event that UPS-SCS paid said claims.

UPS-SCS paid cargo loss claims of its customers in the amount of $80,609.77 and Tango has refused to indemnify UPS-SCS therefor, despite the contractual indemnification provision of the Agreement.

UPS-SCS contends that Tango is liable for the full amount of the damage caused by the negligent operation of its truck by its driver under contract, negligence and bailment law, as well as the provisions of the Carmack Amendment.

Tango contends that it has a valid limitation of liability provision which was in effect for the subject movement. Tango also contends that UPS-SCS is a stranger to the Agreement and, hence, lacks privity of contract with Tango. Tango contends that the fire which occurred after its driver collided with a cement truck constitutes a *force majeure* under the Agreement which suspends its obligations under the Agreement. Finally, Tango contends portions of the agreement may be void under applicable law.

(3) **Legal Issues:**

The key legal issues include the contractual relationship of the parties, including the standing of UPS-SCS to maintain the action, and the validity of and the existence of any indemnification rights and obligations of Tango to UPS-SCS, as well as whether any limitations of liability apply to the loss and the nature and extent of the claimed damages of UPS-SCS.

///

**(4) Motions:**

The parties anticipate that dispositive motions will be made pursuant to Rule 56 regarding the rights and liabilities of plaintiff and defendant.

**(5) Amendment to Pleadings**

No amendments to the pleadings are presently anticipated by the parties with the possible exception of adding a person or entity as a previously fictitiously named defendant.

**(6) Evidence Preservation**

Counsel for UPS-SCS has advised the client of the need to preserve evidence relevant to the issues reasonably evident in this action.

**(7) Disclosures**

The parties agree to make the initial disclosures within the time guidelines of F.R.C.P. Rule 26.

**(8) Discovery**

No discovery has been taken to date. The parties will conduct discovery within the limits of F.R.C.P. and as set forth above.

**(9) Class Actions**

Not applicable.

**(10) Related Cases**

There are no known related cases.

**(11) Relief**

UPS-SCS seeks money damages for claims paid by it to its customers for cargo loss by way of a claim for indemnification.

**(12) Settlement and ADR**

The parties agree to participate in non-binding private mediation before the ADR cut-off date established by the Court.

**(13) Consent to Magistrate Judge for All Purposes**

The parties do not consent to a Magistrate Judge for all purposes.

**(14) Other References**

The case is not suitable for reference for other avenues of resolution.

**(15) Narrowing of Issues**

The parties will confer in an effort to narrow the issues and intend to bring dispositive motions to limit trial of the issues.

**(16) Expedited Schedule**

The case is not amenable to an expedited handling by the Court.

**(17) Scheduling**

Proposed dates for designation of experts, discovery cut-off, hearing of dispositive motions, pretrial conference and trial have been set forth above.

**(18) Trial**

Trial will be to the Court and is estimated to take three days.

**(19) Disclosure of Non-party Interested Entities or Persons**

The parties have disclosed all non-party interested entities or persons.

**(20) Other**

The parties know of no other matters for consideration which presently may facilitate the just, speedy and inexpensive disposition of this matter.

///

///

1  Dated: November 20, 2007          **COUNTRYMAN & McDANIEL**
                                     MICHAEL S. McDANIEL
2                                    BRUCE A. LINDSAY

3

4
                                By:  BRUCE A. LINDSAY
5                                    Attorneys for plaintiff UPS-SCS f/k/a
                                     EMERY AIR FREIGHT CORPORATION
6

7  Dated: November 20, 2007          **ROBERTS, CUNNINGHAM & STRIPLING, LLP**
                                     H. N. CUNNINGHAM, III
8                                    JAMES C. BAKER

9                              By:
                                     H. N. CUNNINGHAM, III
10                                   Attorneys for defendant Tango
                                     Transport
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

L:\Cases\UPS\Ericsson\Rule 26(f) Joint Report.wpd    REPORT OF PARTIES' RULE 26 PLANNING MEETING